```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

TOM ALEXANDER, ET AL.          §
                               §
VS.                            §    CIVIL ACTION NO.4:08-CV-614-Y
                               §
HOLDEN BUSINESS                §
FORMS, INC., ET AL.            §
                               §
VS.                            §
                               §
JIM MOODY, ET AL.              §
```

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment on Future Damages (doc. #60) filed by plaintiffs Tom and Frank Alexander. After review, the Court concludes that the Alexanders have established, as a matter of law, their damages for additional accrued rent. The Alexanders have not, however, established their damages for future rent and future taxes. Accordingly, the Court will grant the Alexanders' motion in part and deny it in part.

I. Background

In June 2002, Tom and Frank Alexander leased commercial real property ("the Lease") to defendant Holden Business Forms Company ("Holden"). (Pl.'s Ex. B.) After an extension agreement was entered into by the parties in May 2007, the Lease was to run through May 31, 2012. (Pl.'s Ex. C.) The Lease required Holden to pay $13,650 in monthly rent, as well as any applicable sales tax, property tax, and general and special assessments. (Pl.'s Ex. B &

C.)  The Lease further required Holden to ensure that no lien would be placed on the property and, in the event a lien were placed on the property, to discharge it by payment, deposit, or bond within fifteen days of being notified of the filing of the lien.  Holden occupied the property under the Lease until late 2007.

The Lease prohibited Holden from assigning, subletting, or otherwise transferring its interest in the leased property without the Alexanders' prior written consent.  In August 2007, Holden sought and obtained such consent in the form of a Landlord Estoppel Certificate and Consent ("the Consent"). (Pl.'s Ex. E.)  In the Consent, the Alexanders agreed to allow Holden to assign its interest in the leased property on the condition that Holden would remain fully liable under the Lease for any obligations that its assignee failed to fulfill.

In September 2007, Holden and defendant NC Communications, LLC ("NCC"), entered into an Asset Purchase Agreement ("the Agreement").  Under the Agreement, Holden assigned the Lease to NCC.  (Pl.'s Ex. D.)  NCC occupied the leased premises through January 2009, paying rent directly to the Alexanders until July 2008. (Pl.'s Ex. A.)  NCC failed to pay the July 2008 rent and has not paid rent since. Additionally, neither NCC nor Holden paid the taxes due on the property for the 2008 and 2009 tax years.

Consequently, the Alexanders filed this suit claiming that both Holden and NCC had breached the lease and seeking to recover

2

unpaid rent and taxes. The Alexanders also seek a declaratory judgment that Holden and NCC are liable for the monthly rents that would have been paid under the Lease, based on the Lease's acceleration clause. Finally, the Alexanders seek to recover the expenses they incurred in extinguishing a mechanic's and materialman's lien filed against the leased property and in repairing and cleaning the property in an attempt to relet it.

The Court has partially granted a previous motion for summary judgment by the Alexanders (doc. #57). In the order partially granting that motion, the Court concluded that the Alexanders had established, as a matter of law, the liability of NCC and Holden for past-due rent payments, clean-up costs, back taxes, and for amounts paid in attempting to relet the property and to extinguish a lien on the property. The Court further concluded that NCC and Holden were liable for future rents. But the Court denied the Alexanders' declaratory-judgment claim for future rents because the Alexanders had not produced sufficient evidence on their damages for that claim. In their current motion, the Alexanders have attempted to provide such evidence, and seek to recover additional damages that have accrued since the prior summary-judgment order.

II. Discussion

    A. Summary-Judgment Standard

When the record establishes "that there is no genuine issue as

3

to any material fact and that the moving party is entitled to judgment as a matter of law," summary judgment is appropriate. FED. R. CIV. P. 56(c). An issue is considered "genuine" if "it is real and substantial as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo County.*, 246 F.3d 481, 489 (5th Cir. 2001). Facts are considered "material" if they "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990). Next, the Court must review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Id.; Newell v. Oxford Mgmt. Inc.*, 912 F.2d 793, 795 (5th Cir. 1990).

In making its determination on the motion, the Court must look at the full record including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *See* FED. R. CIV. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Rule 56, however, "does not impose on the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). Thus, parties should "identify specific evidence in the record, and . . .

4

articulate" precisely how that evidence supports their claims. *Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994). Further, the court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

To prevail on a summary-judgment motion, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party bears the burden of proof on the claim for which it is moving for summary judgment, it must produce evidence establishing "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190,1194 (5th Cir. 1986). Such a movant's showing must be such that the court can conclude that no reasonable trier of fact could find other than for the movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

When the movant has carried its summary-judgment burden, the respondent must go beyond the pleadings and by his own evidence set forth specific facts showing there is a genuine issue for trial. *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222 (5th Cir. 2004) (citing *Celotex*, 477 U.S. at 324); *see also* FED. R. CIV. P. 56(e). This

5

burden is not satisfied by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

B. Analysis

   1. Accrued Damages

As noted, the Court concluded in its previous order that Holden and NCC are liable to the Alexanders for past-due rent. The previous order awarded the Alexanders past-due rent from July 2008, when NCC initially failed to pay rent, through July 2009. The Alexanders point out that an additional $68,250 in past-due rent has accrued, accounting for August 2009 through December 2009. (Pl.'s Mot. App. at Ex. A.) Neither NCC nor Holden have responded to the Alexanders' motion and, therefore, have failed to produced evidence creating a genuine issue of material fact on this point. Thus, the Court will grant the Alexanders' request for additional accrued rent in the amount of $68,250.

   2. Future Rent and Tax Assessments

The Court concluded, in the previous summary-judgment order, that the Alexanders have established the liability of NCC and

6

Holden for future rent payments. The Alexanders argue that this figure is $392,162.75. They arrive at this figure by reducing each of the remaining twenty-nine rent payments due under the lease to its present value using the formula:

$$\text{Present Value} = \text{Payment} \times \frac{\text{Monthly discount rate}}{(1 + \text{monthly discount rate})^{\text{time}}}$$

The Alexanders use 0.75% as the annual discount rate and, dividing this rate by twelve, arrive at a monthly discount rate of 0.0625%. According to the Alexanders, they are also entitled to future tax payments of $154,105.71, a figure that was also calculated using the above formula.

The Alexanders, however, never explain why 0.75% is the proper annual discount rate. It appears proper under Texas law to use the interest rate for post-judgment interest to reduce damages for future rent payments to their present value. *See Lakeside Leasing Corp. v. Kirkwood Atrium Office Park Phase 3*, 750 S.W.2d 847, 851 (Tex. App.--Houston [14th Dist.] 1988, no writ) (noting it is proper to discount damages for future rent payment by post-judgment interest rate). Under Texas law, the post-judgment interest on damages recovered for breach of contract is the prime rate as published by the Board of Governors of the Federal Reserve System on the date the interest is computed, but in no event less than five percent or greater than fifteen percent. *See* Tex. Fin. Code § 304.003. As of the date of this order, the prime rate is 3.25%

7

making the five-percent minimum potentially applicable.[1] Under federal law, post-judgment interest is computed using a rate equal to the weekly average one-year maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the judgment.  28 U.S.C. § 1961.

Generally, in diversity cases, post-judgment interest is assessed using the rate prescribed by federal law.  *See Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002).  But the Alexanders are not requesting true post-judgment interest.  Instead, they must calculate their future damages caused by NCC and Holden's breach of the lease--future rent payments and tax assessments--with reference to a post-judgment interest rate.  Because this is a substantive portion of their claim, use of the rate prescribed by state law might be appropriate under the principles of *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938).  The Alexanders' motion does not address this issue and, in any event, relies on an interest rate, 0.75%, that has no basis in either federal or state law.  Thus, the Court will deny their motion for damages for future rent payments and tax assessments.

---

[1] Interest rates obtained from the Board of Governors of the Federal Reserve System's website.  http://www.federalreserve.gov/releases/h15/current/

III. Conclusion

The Court GRANTS the Alexanders' motion for summary judgment as to damages for additional accrued rent and awards them $68,250. The Court, however, DENIES the Alexanders' motion as to their claim for future rent payments and future tax assessments because they have not sufficiently proven their calculation of such damages.

SIGNED January 6, 2010.

                                        /s/ Terry R. Means
                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE

TRM/jar